IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATTY COBLENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO 05-0169-BH-L |
| ) | |
| JO ANNE B. BARNHART, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the court on defendant's motion to remand pursuant to sentence six of § 205(g) and §1631(c)(3) of the Social Security Act. 42 U.S.C. § 405(g) and §1383(c)(3). (Doc. 7). This motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of all matters presented, the undersigned recommends remand of this case to the Commissioner of Social Security for further administrative proceedings.

Instead of filing an answer in this case, defendant has filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. 7). In the motion to remand, defendant states she has been informed by the Office of Hearings and Appeals that the administrative record is incomplete because no evidence was identified or admitted into the record by the Administrative Law Judge from sections A, B, or D of the disability file even though the evidence was present. Defendant also states that upon receipt of the order of remand, the Appeals Council plans to issue a notice which will propose to admit

relevant documents into the record unless plaintiff's representative presents a valid objection and in the absence of objections, and prepare a certified administrative record for submission to the court.

The first portion of sentence six of 42 U.S.C. § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security[.]"[1] Defendant's motion establishes good cause to remand this case so that defendant can prepare a certified administrative record which contains identified, numbered and properly admitted evidence for submission to the court.

With entry of this sentence six remand, the court "does not rule in any way as to the correctness of the administrative determination." Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163 (1991). Accordingly, plaintiff is not a prevailing party for purposes of the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. See Shalala v. Schafer, 509 U. S. 292, 297-298 & 300-302, 113 S. Ct. 2625, 2629 & 2631-2632 (1993). "In sentence six cases, the [EAJA] filing period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." Melkonyan, 501 U.S. at 102, 111 S. Ct. at 2165.[2]

Defendant states that plaintiff's counsel has been contacted and does not oppose the motion to

---

[1] Sentence six remand may be ordered in only two situations: where, as here, the Commissioner "requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Shalala v. Schafer, 509 U. S. 292, 292 n.2, 113 S. Ct. 2625, 2629 n.2 (1993) (citations omitted).

[2] Although this court retains jurisdiction, the Clerk of Court is directed to statistically close this case at this time. This case shall be statistically reopened when the defendant files an answer along with a transcript of the administrative proceedings.

remand.

Wherefore, upon consideration of all matters presented, and for good cause shown, the Magistrate Judge recommends that the defendant's motion to remand be **GRANTED** and the case remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for action consistent with defendant's motion to remand.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 24th day of June, 2005.

                                            **s / Kristi D. Lee**
                                            **KRISTI  D.  LEE**
                                            **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  FED. R. CIV. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                            **S / KRISTI  D.  LEE**
                                            **UNITED STATES MAGISTRATE JUDGE**