IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATTY COBLENTZ,                  :

    Plaintiff,                  :
vs.                                                CA 05-0169-C
                                     :
JO ANNE B. BARNHART,
Commissioner of Social Security,  :

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 21 & 22 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties'

arguments at the March 28, 2006 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to residuals from a neck injury and recurrent major depression. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3. The medical evidence establishes that the claimant has the severe impairment of cervical pain with numbness in her arms and hands, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4.
>
> 4. The claimant's subjective complaints are not credible to the extent alleged.
>
> 5. Giving the claimant the benefit of the doubt and assuming that she is restricted to a degree, the Administrative Law Judge finds the claimant is able to perform a full range of light work.
>
> 6. The claimant is able to perform her past relevant work as director of housekeeping, patient registration [clerk], and as a cashier.
>
> 7. The claimant was not under a disability as defined in the Social Security Act, at any time through the date of this decision

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 21 & 22 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

(20 CFR 404.1520(f) and 416.920(f)).

(Tr. 25)  The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as director of  housekeeping, patient

registration clerk and cashier, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Although the claimant bears the burden of demonstrating the inability to return to her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). Social Security Ruling 82-61 recognizes three possible tests for determining whether or not a claimant retains the capacity to perform her past relevant work. They are as follows:

> 1.  Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.[2]

---

[2] As recognized in the ruling, use of this test is likely to be "fallacious and insupportable" because "[w]hile 'delivery jobs,' 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge."

>   2.  Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
>   3.  Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy.[3]

Under § 404.1520(e) of the Commissioner's regulations, a claimant will be found to be "not disabled" when it is determined that she retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-61.

In this case, the ALJ has relied upon test three above to determine that the claimant can perform her past relevant work as director of housekeeping, patient registration clerk, and cashier. (Tr. 24-25 ("The claimant has past relevant work as director of housekeeping, light in exertional demand and skilled (SVP-8); patient registration clerk, sedentary in exertional demand and semi-skilled (SVP-3); hospital cleaner, medium in exertional demand and un-skilled (SVP-2); and cashier, light in exertional demand and unskilled (SVP-

---

[3]  The Dictionary of Occupational Titles' descriptions can be relied upon to define the job as it is usually performed in the national economy.

3). The vocational expert testified that assuming the claimant's age, education, past relevant work and residual functional capacity she could return to her past work as director of housekeeping, patient registration clerk, and as a cashier.'))

Section 404.1520(e) of the Commissioner's regulations requires a review and consideration of a plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform her past relevant work.  Social Security Ruling 82-62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of . . . her  PRW to determine whether the individual can still do that work."  *See also Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (to support a conclusion that a claimant "is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments").

> The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled."

. . .

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
>
> Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work). Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

SSR 82-62. In finding that a claimant has the capacity to perform a past relevant job, the decision of the Commissioner must contain among the findings, a finding of fact as to the claimant's residual functional capacity, a finding of fact as to the physical and mental demands of the past job/occupation, and a finding of fact that the claimant's residual functional

capacity would permit a return to the past job or occupation. *Id.*

In this case, the plaintiff contends that the ALJ committed the following errors: (1) he erred in rejecting the residual functional capacity ("RFC") opinion of Dr. Henry Stonnington; (2) he erred in determining that she retains the RFC to perform the full range of light work; and (3) he erred in finding that she suffers from no severe mental impairment. Because the Court finds that the ALJ erred in determining that plaintiff does not have a severe mental impairment and in rejecting the RFC finding of Dr. Stonnington, the ALJ's RFC determination is only tangentially discussed. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

**A.    Non-severe Mental Impairment**. The Commissioner's severity regulation requires the claimant to make a threshold showing that she has an impairment which significantly limits her physical or mental ability to perform basic work activities. 20 C.F.R. §§ 416.920(c), 416.921(a) (1998); *Bowen v. Yuckert,* 482 U.S. 137, 147 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). Basic work activities include functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). An impairment can be considered not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984); *see Yuckert, supra*, 482 U.S. at 153, 107 S.Ct. at 2297 ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education and experience were taken into account").[4]

> Inherent in a finding of a medically not severe impairment or combination of impairments is the conclusion that the individual's ability to engage in SGA [substantial gainful activity] is not seriously affected. Before this conclusion can be reached, however, an evaluation of the effects of the impairment(s) on the person's ability to do basic work activities must be made. A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings

---

[4] It is clear that in *Yuckert,* the Supreme Court did not impose a standard higher than the *de minimis* standard set out in *Brady*. *See Stratton v. Bowen*, 827 F.2d 1447, 1451 n.7, 1452 n.9, 1452-1453 (11th Cir. 1987).

9

> which describe the impairment(s) and the informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of the function is inherent in the medical process itself.

SSR 85-28. The claimant's burden at step two of the sequential evaluation process is mild. *McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected.").

The evidence of record in this case is replete with evidence establishing that the claimant suffers from recurrent major depression, an impairment which, not surprisingly, is recognized as a severe impairment. *See, e.g., Gholston v. Barnhart*, 347 F.Supp.2d 1108, 1111 (M.D. Ala. 2003) ("'Gholston has the following severe impairments: fibromyalgia, a history of asthma, osteoarthritis, drug dependence, obesity, **major depression, recurrent, mild to moderate**, and anxiety disorder[.]'"); *Burkett v. Barnhart*, 347 F.Supp.2d 1079, 1081-1082 (M.D. Ala. 2003) ("'Burkett has the following 'severe' impairments: status post fracture and surgical repair of her left ankle; arthritis; **major depression, recurrent**; psychological factors affecting general medical condition; and a personality disorder not otherwise specified (NOS).'"). The evidence of record in this case regarding Coblentz' recurrent

major depression includes a three-week period of stay and treatment at Memorial Behavioral Health in the spring of 2002 (Tr. 140-148), a consultative psychological report in December of 2002 which recognized that plaintiff would benefit from an outpatient counseling program (Tr. 192-197), and a psychiatric review technique form completed by a non-examining psychologist, Dr. Linda Baker, in January of 2003, which recognized that plaintiff's mental impairment is a severe impairment warranting a residual functional capacity (RFC) assessment and noting moderate degrees of limitation in activities of daily living, maintaining social functioning, and maintaining concentration, persistence and pace (Tr. 198-215). This evidence easily meets the low threshold of *McDaniel, supra*, and establishes that Coblentz suffers from the severe mental impairment of recurrent major depression.

      The ALJ erred in determining that plaintiff's recurrent major depression was not severe by engaging in a result-oriented analysis under the regulations, specifically 20 C.F.R. § 404.1520a(c) (Tr. 22-24),[5] and ignoring the foregoing evidence of record establishing the severity of this impairment (*see* Tr. 22 ("The claimant's pain in her left ankle and foot, hypertension, hypothyroidism,

---

[5] Interestingly, the ALJ never mentions subsection (d) of 20 C.F.R. § 404.1520a.

**and depressive disorder** are **being controlled by treatment** (Exhibit 2F, Exhibit 4F, Exhibits 6F-9F, Exhibit 12F) and do not significantly limit the claimant's ability to perform basic work activities[.]")). *Cf. Carril v. Barnhart*, 201 F.Supp.2d 1190, 1191 (M.D. Ala. 2002) ("The record contains evidence, in the form of a consultative evaluation report completed by Alan D. Blotcky, Ph.D., of a severe mental impairment. Said report diagnoses Plaintiff as suffering **major depressive disorder** and chronic pain. The Administrative Law Judge rejected this evidence--the only evidence provided by a mental health professional relating to the impairment and/or its resulting limitations--and found that Plaintiff did not suffer a mental impairment and that he did not have any restriction due to depression. However, rejection of the only medical evidence of a mental health impairment is not substantial evidence to support the Administrative Law Judge's finding that Plaintiff did not suffer a mental impairment."). Section 404.1520a(d)(1) of the Commissioner's regulations clearly establishes that a degree of functional limitation of moderate in the functional areas of activities of daily living, social functioning, and concentration, persistence or pace, necessarily lends itself to a finding that a mental impairment is severe. *See id*. ("If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth

area, we will generally conclude that your impairment(s) is not severe[.]"). In this particular case, the non-examining reviewing psychologist, Dr. Baker, completed a PRTF on January 14, 2003 (Tr. 198-214), following a review of all mental evidence of record (*compare* Tr. 140-148 & 192-197 *with* Tr. 210 ("Clmt is a 48yo F hosp. at MHG 2/02 to 3/02 for M.D.D. Now on Effexor prescribed by AP. Per CE with Dr. Matherne, moderate mental limitations in June.")), and determined plaintiff's recurrent major depression was severe and resulted in moderate limitations on activities of daily living, social functioning, and concentration, persistence and pace (Tr. 198 & 208). The ALJ certainly did not reject Dr. Baker's PRTF and, in fact, purports to accept and rely upon Dr. Baker's analysis (Tr. 23 (three separate references to Exhibit 7F)), yet amazingly reaches the conclusion that plaintiff's recurrent major depression is not a severe impairment (Tr. 22 & 23-24). This was clear error; as aforesaid, the evidence of record conclusively meets the low threshold requirement of *McDaniel, supra*, and the ALJ should have determined that plaintiff's recurrent major depression is a severe mental impairment. Accordingly, this cause is due to be remanded to the Commissioner of Social Security for further proceedings, including consideration of plaintiff's recurrent major depression as a severe impairment and the impact the functional limitations resulting from

this impairment have on plaintiff's ability to perform either her past relevant work or other work in the national economy.

### B. ALJ's Rejection of the Opinion of the Treating Physician.

Plaintiff also contends that the ALJ erred in rejecting the June 17, 2003 physical capacities evaluation of her treating physician, Dr. Henry Stonnington. Dr. Stonnington's PCE reflects that plaintiff is unable to perform even the requirements of sedentary work activity. (Tr. 225-226)

In the Eleventh Circuit "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

> The ALJ must clearly articulate the reasons for giving less weight to the opinion of the treating physician, and the failure to do so is reversible error. We have found "good cause" to exist where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records.

*Id*. (internal citations omitted). The ALJ rejected Dr. Stonnington's June 2003 PCE solely upon his perception that "[t]he doctor **apparently** relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and **seemed** to uncritically accept as true most, if not all, of what the claimant reported (Exhibit 3F, Exhibit 5F, Exhibit 10F, Exhibit 11F)." (Tr. 21)

This Court simply is unable to find that the ALJ's "apparent" or "seeming" opinion about Dr. Stonnington's PCE constitutes good cause for rejecting the doctor's PCE particularly in light of the fact that nothing on the PCE itself reflects that Dr. Stonnington was relying upon plaintiff's subjective complaints as opposed to his own objective findings. In fact, the form specifically counsels the examining physician to base his opinion regarding physical limitations upon his examination. (Tr. 225 ("To determine your patient's ability to do work-related activities on a day-to-day basis in a regular work setting, please give us your opinion--based on your examination--of how your patient's physical capabilities are affected by the impairment(s).")) Moreover, the form specifically requests the examining physician to identify the medical findings supporting the limitations noted and Dr. Stonnington specifically stated the following: "MRI of cervical spine shows numerous disc protrusions and flattening of cervical cord due to [] [] after surgery." (*Id.*)  There is nothing "apparently" subjective about anything on Dr. Stonnington's PCE and, therefore, the ALJ erred to reversal in rejecting the treating physician's PCE solely upon this basis. On remand, the ALJ is to reconsider Dr. Stonnington's PCE and the impact of same on plaintiff's ability to perform her past relevant work or other work existing in substantial numbers in the national economy.

In light of the foregoing, the Court not only finds that the ALJ had no good cause for rejecting Dr. Stonnington's PCE but, as well, lacked any basis to conclude that plaintiff retains the RFC to perform the physical requirements of light work activity. The undersigned has indicated on previous occasions, and indicates again today, that an ALJ's RFC determination must be supported by the PCE of an examining physician where, as here, the ALJ attempts to reject the PCE of the treating physician.[6]

## **CONCLUSION**

---

[6] In other words, a PCE completed by a non-examining DDS disability examiner, as here (*compare* Tr. 216-224 (Fred Luckett does not sign on medical consultant's signature line but, instead, above the line) *with* Tr. 104, 224 & 271 (forms identifying Luckett as a DDS disability examiner)), certainly cannot supply the substantial evidence needed to support the ALJ's determination that Coblentz retains the residual functional capacity to perform light work (*compare* Tr. 216-224 *with* Tr. 25). *Cf. Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988) ("The reports of reviewing nonexamining physicians do not constitute substantial evidence on which to base an administrative decision. . . . 'The opinions of nonexamining, reviewing physicians, when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone, do not constitute substantial evidence.'"). Arguably, the opinion of the non-examining, non-physician vocational examiner in this case would be entitled to absolutely no weight.

There can be no doubt that the ALJ in this case relied upon the PCE completed by Luckett (i.e., Exhibit 9F--Tr. 216-224) in determining that plaintiff retains the residual functional capacity to perform the full range of light work. (Tr. 24 ("The claimant suffers from impairments which restrict her ability to lift/carry more than 20 pounds occasionally, and 10 pounds frequently. The claimant can stand for 6 hours in an 8 hour work day, and sit for 6 hours in an 8 hour work day. Her ability to push and/or pull including operation of foot and hand controls is unlimited, other than as shown for lifting/carrying above. The claimant does not have any postural limitations, no manipulative limitations, no visual limitations, no communicative limitations, and no environmental limitations (Exhibit 9F).")) Reliance upon a form completed by a disability examiner is clear error which must be corrected on remand.

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 30th day of March, 2006.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**